

CLOSED

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**FILED**

**JUL 15 2005**

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

BRIAN A. WARREN, #245972,

    Petitioner,

v.

CASE NO. 05-CV-72700-DT
HONORABLE MARIANNE O. BATTANI

MICHIGAN PAROLE BOARD,

    Respondent.
_____/



## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

I.    Introduction

    Petitioner Brian A. Warren, a state prisoner currently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of first-degree felony murder, two counts of criminal sexual conduct, kidnapping, and unlawful driving away of a motor vehicle following a jury trial in the Calhoun County Circuit Court and was sentenced to life imprisonment without the possibility of parole, three concurrent terms of 30 to 60 years imprisonment, and three to five years imprisonment in 1995.

    Although Petitioner names the Michigan Parole Board as the respondent in this action, he challenges the validity of his 1995 convictions in his pleadings. Petitioner has filed a prior petition in federal court challenging those convictions. Accordingly, for the following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the

Sixth Circuit.

II.  Discussion

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has filed a prior petition for writ of habeas corpus challenging the same convictions at issue in the instant petition, which was denied on the merits. *See Warren v. Jackson*, No. 00-CV-73560-DT (E.D. Mich. May 24, 2001) (Cleland, J.). Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

III.  Conclusion and Order

The Court concludes that action must be transferred to the appropriate federal appellate court as a second or successive petition. Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought

F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

                              _____
                              MARIANNE O. BATTANI
                              UNITED STATES DISTRICT JUDGE

DATED: **JUL 15 2005**

---

      at the time it was filed . . . , and the action . . . shall proceed as if it had been filed
      in . . . the court to which it is transferred on the date upon which it was actually
      filed in . . . the court from which it was transferred.